# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:12-00012 |
| ) | Judge Sharp |
| WESLEY D. BOWDEN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

This case involves the United States of America's efforts to partially satisfy an almost $1.5 million dollar tax debt by selling some 1,400 acres of unimproved land that straddle Cumberland and Bledsoe Counties, Tennessee. The Government has filed a Motion for Default Judgment as to Defendants Wesley D. Bowden, Betty S. Bowden, Harry B. Doolittle, and Edward A. Denison, and a Motion for Summary Judgment against Defendant Ralph K. Evans. Bledsoe and Cumberland Counties have filed responses indicating that they do not oppose the Government's Motions. The only other response was a "Notice" from Defendant Wesley Bowden.

## I. BACKGROUND

On July 31, 2008, a federal jury in Dallas, Texas found Wesley Bowden guilty on six counts of tax evasion based upon his use of nominees or misleading financial information. He was sentenced to concurrent prison terms of 24 months for each count. His appeal was dismissed by the United States Court of Appeals for the Fifth Circuit as frivolous because the only issue he pressed was that the trial court lacked jurisdiciton over him "because he is a sovereign and not subject to the laws of the United States." United States v. Bowden, 402 F. App'x 967 (5th Cir. 2010).

1

Subsequently, the Internal Revenue sought to collect on Mr. Bowden's tax obligations. To that end, Revenue Officer Dale Baustert sent him an IRS Form 433-A for completion. The form was completed on May 25, 2010, with Mr. Bowden admitting that he owned $1,000,000 worth of "raw land" in Cumberland and Bledsoe Counties, and that he had owned the property since 1986, the same year Tenn Tex Properties acquired the land.

Tenn Tex Properties is incorporated in Texas and lists Mr. Bowden in its corporate filings as the president, registered agent, and sole director. In 1993, the property was conveyed to Ten-Tex Trust (which has the same address as Ten Tex Properties) by way of quitclaim deed for $10. In a "Verified Declaration in the Nature of an Affidavit of Truth In Commerce and Contract" filed with the Dallas County Clerk on October 25, 2000, Mr. Bowden declared that Ten-Tex Trust was "fiction," "it cannot walk, talk, or hear," and "was created on paper without form or substance as a creation of my mind." (Docket No. 66-12 at 1).

The Internal Revenue Service assessed Mr. Bowden's past-due taxes beginning on February 18, 2002. At least eight other tax assessments were made, covering each tax year from 1997 to 2005. On March 25, 2005, the Internal Revenue Service filed the first of what would be a series of Notices of Tax liens on the real property in both Bledsoe and Cumberland Counties.

On December 18, 2012, United States District Judge Jane J. Boyle granted the Government's Motion for Summary Judgment and entered Final Judgment in a case styled <u>United States v. Bowden</u>, No. 3:12-446-B (N.D. Tex. Dec. 18, 2012). As a part of the judgment, Judge Boyle found that Mr. Bowden was "indebted to the United States for federal income taxes, interest, and statutory additions for the years 1997 through 2005 in the amount of $1,461,938.60, as of January 9, 2012, plus interest and other additions to tax allowed by law accruing thereafter until paid

2

at the rate provided for by 26 U.S.C. § 6621." (Docket No. 67-15 at 1).[1]

On February 23, 2012, the United States filed its Complaint to Foreclose on Federal Tax Liens in this Court. Defendant Evans was added as a party by an Amended Complaint filed on November 6, 2012.

## II. MOTION FOR DEFAULT JUDGMENT

The United States moves for a default judgment against the Bowdens, Doolittle, and Denison. The Government is clearly entitled to that relief because those Defendants did not answer or otherwise respond to the Complaint, and they offer no cogent reasons why default judgment should not be entered. It was not until after the Clerk entered a default under Rule 55(a), that the Bowdens made a series of filings. To the extent that those filings are intended to establish cause for setting aside the entry of default, they are insufficient.

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Whether the request is to set aside an entry or default or a default judgment, the same three factors are considered: "'whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious.'" Dassault Systemes, SA v. Childress, 663 F.3d 832, 838-89 (6th Cir. 2011) (quoting United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 844 (6th Cir. 1983)). None of those factors weigh in favor of setting aside the entry of default in this case.

The default cannot be seen as anything but willful. The Bowdens were personally served with a copy of the Complaint at their Dallas home on March 26, 2012. They did not, however, file

---

[1] Judge Boyle also found that Mrs. Bowden was indebted to the United States in the amount of $223,297.26, subject to "interest and other additions to tax allowed by law accruing thereafter until paid[.]" (Id.).

3

an Answer or otherwise respond to the Complaint within the time required. Rather, and after the Clerk entered a default on May 30, 2012, the Bowdens sent a letter to the Court, claiming that they sent a response to the Government, and did not know they were required to file the same with the Court. In support, they attach the summons they received and underline the phrase "you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure." (Docket No. 16-1 at 1). However, that very same also form states, "You must file your answer or motion with the court." (Id.). In any event, the Bowdens did not attach whatever they may have sent the Government and the Complaint is still unanswered for purpose of Rule 8, either by them or by any of the other individual Defendants.

The filings the Bowdens have made do not come close to establishing a meritorious defense. They have filed letters, declarations, responses, and notices, among other things. On July 19, 2012, they unilaterally filed a "Joint Status Report," claiming there was no contract between the United States and "wesley d. boden," that "your fictitious WESLEY D. BOWDEN is your property, but do[es] not include the living man, wesley d. bowden," that "betty s. bowden is a living woman not a corporation," and that the matter should be referred to "the county court of record of common law pleas for trial" because this Court has no "jurdiction or venue under the Seventh amendemnt and the Texas 'Bill of Rights.'" (Docket No. 20).[2]

In a July 28, 2012 "Response to Case Management Order," signed by "wesley david bowden, Texan, Ambassador from the Kingdom of God in Heaven," Mr. Bowden claims to be unaware of a case captioned "United States v. Wesley D. Bowden, Et. Al." because the "original suit" was filed

---

[2] Throughout this opinion, the quoted language contains the capitalization and punctuation utilized by Defendants.

4

as "UNITED STATES of AMERICA vs. WESLEY D. BOWDEN, ET AL." and that, in any event, the Government "changed the venue and jurisdiction which is an act of treason; sedition in the least" and its "venue switching is a deceptive trade practice." (Docket No. 22 at 1). In a July 19, 2012 "Request," the Bowdens wanted "strict proof" that "wesley d. bowden and WESLEY DAVID BOWDEN are one in the same entity" and "that betty s bowden and BETTY S. BOWDEN are one in the same entity," and went on to claim that "the UNITED STATES OF AMERICA is a de jure government and not a de facto corporation government" while they were "domiciled in a nation called Texas." (Docket No. 27 at 1). That same day, Mr. Bowden filed a "Declaration in the Form of an Affidavit" in which he claims not to "own or have interest in any property in Tennessee that was sold to Ralph clan of evans for the benefit of elyon light ministry," and states that it was "apparent" the Court had refused his "request for a grand jury hearing." (Docket No. 31 at 1).

The Court could go on, but this small sampling suggests the tenor of the Bowdens' filings. They raise typical tax protester rhetoric which has been repeatedly rejected by the courts. See, e.g., United States v. Cooper, 1995 WL 559404, at *2 (6th Cir. Sept. 20, 1995) (noting that "popular argument among tax protesters . . . soundly rejected by this court" is that district court lacks jurisdiction because taxpayer "is a state, rather than a U.S. citizen"); United States v. Wankel, 475 F. App'x 273, 274 (10th Cir. 2012) (affirming enforcement of IRS summons, notwithstanding defendant's demand of "immunity" and claim that "he was not the 'entity' summoned, but was a separate, 'living man'"); Williamson v. United States, 2000 WL 676053, at *2 (10th Cir. May 24, 2000) (rejecting taxpayers' claims that they were not liable for taxes because no contract existed requring payment of taxes and they were "citizens of the sovereign state of New Mexico" over which the IRS had no authority); United States v. Hines, 2012 WL 2993596, at *1 (E.D.N.Y. July

5

20, 2012) (noting argument that the spelling of a defendant's "name in all capital letters in letters in the caption of the complaint refers to an artificial entity rather than a natural person" has "been long rejected" and that "[o]bviously, the typeface used in the caption of the complaint does not affect the Court's jurisdiction and somehow divest the Court of jurisdiction"); United States v. Smith, 2012 WL 3262899, at *2 (D.N.M. July 13, 2012) (stating that numerous court have found the argument "that individuals ('free born, white, preamble, sovereign, natural, individual common law 'de jure' citizens of a state, etc.') are not 'persons' subject to taxation" to be frivolous); United States v. Maxwell, 2009 WL 920533, at *3 (M.D. Tenn. April 1, 2009) (argument that taxpayer was "not a citizen of the United States, but rather a "Citizen of the Sovereign Body Politic of the Republic state of Tennessee, one of the original People or their direct Posterity" was frivolous); United States v. Clark, 2007 WL 546243, at *4 (D. Conn. Sept. 25, 2007) (rejecting taxpayer's defense to enforcement on grounds of "consitutional depriviations, treasons and generalized abuse of power").

     Apparently in response to the Government's Motion for Default Judgment, Mr. Bowden filed a Notice and an "Affidavit of Terroristic Threat." In both, he claims that he completed the Form 433-A which stated that he owned "raw land" in Tennessee, but he did so only after Revenue Officer Baustert threatened to have his parole revoked if he did not. Mr. Bowden argues this was a "terroristic threat" in "violation of the Patriot Act." He also claims that he sent a corrected form on September 21, 2013, that did not record the Tennessee land, but Mr. Baustert refused to correct the original form.

     In the Notice (which is actually a handwritten letter addressed to Magistrate Judge Bryant) Mr. Bowden goes on state that he "felt . . . railroaded in District Court in Dallas" because evidence

"was removed from [his] evidence package," and notes that the appellate court dismissed his appeal. (Docket No. 72 at 3). He also writes that the Tenn-Tex Trust "was not a one man corp.," and the two properties at issue actually belong "to participants in a pension plan named WESLEY D. BOWEN DDS Pension Plan." (Id.). Mr. Bowden continues:

> Tenn-Tex Trust was created on paper w/o form or substance as a creation of the mind, just like anything that has to do with the U.S. government or state government. Any person who deals with U.S. is a fiction. WESLEY BOWDEN is a fiction. This entire lawsuit is a fiction because I, Wesley Bowden, am a living breathing soul. This entire suit is against a fiction [sic] and I am not the fiduciary or WESLEY BOWDEN.

(Id. at 3-4).

The last point is rejected as a shopworn argument found in many a tax protester case, some of which were cited previously in this opinion. See also, Johnson v. United States, 2013 WL 6050134, at *3 (S. D. Ill. Nov. 15, 2013) (rejecting so-called "straw-man" theory which "'falsely claim[s] that only documents using an individual's name with standard capitalization, i.e., lower-case with only the beginning letters of each name capitalized, are legitimate,'" and collecting cases). Further, what may or may not have happened in Dallas or before the Fifth Circuit is not an issue before the Court.

Mr. Bowden's invocation of the Patriot Act fares no better than his other argument because, not only is it inapposite, but the statute does not provide a private right of action. See Ray v. First Nat'l Bank of Omaha, 413 F. App'x 427, 430 (3rd Cir. 2011); Spitzer Mgmt., Inc. v. Interactive Brokers, LLC, 2013 WL 62827945, at *2 (N.D. Ohio Dec. 20, 2013). Regardless, even if the Court ignored the IRS Form 433-A which identified the "raw land" in Tennessee, the following facts have not been competently placed into issue by the Bowden's filings:

→ Mr. Bowden is the registered agent, president, and director of Tenn-Tex Properties,

Inc.;

→ On December 30, 1986, Tenn-Tex Properties, Inc. acquired the property at issue and conveyed it to Tenn-Tex Trust (an entity bearing the same address) for only $10 dollars;

→ Mr. Bowden filed a Declaration with the Dallas County Clerk on October 25, 2000, stating that Tenn-Tex Trust was a fiction without form or substance;

→ Mr. Bowden was convicted for tax violations because he either established nominee trusts and placed funds and property in such trusts, or used false or misleading financial information in connection with employment or financial transactions;

→ A final judgment imposing tax liability against Mr. Bowden in the amount of almost 1.5 million was entered by a federal court on December 18, 2012; and

→ All parties have consented to the entry of a default judgment or summary judgment, except parties that were already in default.

Finally, in regard to the factors to be considered, failure to enter a default judgment in this case would be prejudicial to the Government. This case has been pending for over two years and the Government is no closer to satisfying Judge Boyle's Final Judgment or enforcing its tax liens and assessments through the sale of the land. The filings that the Bowdens have made are an attempt to set up roadblocks and thwart the Government's efforts. Further, the Bowdens did not cooperate in the case management process, and discovery has been closed for over a year.

The Bowdens' choice to view this litigation as a "fiction" was done at their own peril. The reality is that once a default has been entered liability is admitted. See Flynn v. People's Choice Home Loans, Inc., 440 F. App'x 452, 455 (6th Cir. 2011); Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110 (6th Cir. 1995). That is, while a default is "not an absolute confession" of liability, "a defaulted defendant is deemed 'to admit[] the plaintiff's well-pleaded allegations of fact.'" Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007); Finkel v. Romanowicz, 577 F.3d 79, 83 n.6

8

(2nd Cir. 2009); Soles4Souls, Inc. v. Gleaning for the World, Inc., 2011 WL 4002568, at *1 (M.D. Tenn. Sept. 7, 2011). Through its well-pleaded allegations, the Government has established that it is entitled to the relief requested.

Section 6321 of the Internal Revenue Code provides:

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321. "The Supreme Court has broadly interpreted section 6321 to include not only the property and rights to property owned by the delinquent taxpayer, but also property held by a third party if it is determined that the third party is holding the property as a nominee or alter ego of the delinquent taxpayer." Spotts v. United States, 429 F.3d 248, 251 (6th Cir. 2005) (citing, G.M. Leasing Corp. v. United States, 429 U.S. 338, 350-51 (1977)).

The Government has shown that the Tenn-Tex Trust is Mr. Bowden's nominee. Leaving aside the shared addresses, there was a lack of anything approaching adequate consideration when Tenn-Tex Properties, which is wholly owned by Mr. Bowden, conveyed the real property to Tenn Tex Trust for ten dollars. Even though he now claims coercion, Mr. Bowden certified under penalty of perjury on his Form 433-A that he owned the land in Bledsoe and Cumberland counties. Moreover, in his filing with the Dallas County Clerk, Mr. Bowden stated that the trust was a legal fiction. Additionally, a federal jury found Mr. Bowden guilty of tax evasion because he established a nominee trust or utilized false or misleading financial information in an effort to avoid paying taxes. Based upon the record before the Court, it is clear that Tenn-Tex Trust is the nominee of Mr. Bowden and that he is the true equitable owner of the property.

9

The Government is entitled to sell the property to satisfy the outstanding local property taxes and the federal tax liabilities. Apart from Cumberland and Bledsoe Counties, which are afforded priority over the United States' tax liens under 26 U.S.C. § 6323(b), none of the Defendants have shown how any interest superior to the Government's interest. When the IRS made assessments against Mr. Bowden, federal tax liens arose and attached to all of his property and the rights to property. 26 U.S.C. § 6321. The Government then perfected those liens pursuant to 26 U.S.C. § 6323(f) by recording in the office of the register of the deeds in Bledsoe and Cumberland counties in accordance with Tenn. Code Ann. § 66-21-201.

Accordingly, the Government's Motion for Default Judgment will be granted.

### III. MOTION FOR SUMMARY JUDGMENT

Defendant Evans was added by an Amended Complaint in which the Government alleged that he or the "Ralph Clan of Evans," might have an interest in the property. By way of response, Mr. Evans filed a seven page document that was prefaced with the following: **"This is not an answer, or an appearance this is a warning and a notice To: This Court and all parties."** (Docket No. 63 at 1) (bold in original). After inserting what appears to be Magistrate Judge Bryant's signature block, Mr. Evans repeats the warning and writes:

> This Court and all parties stand without Venue, Jurisdiction or authority and for any party to move are [sic] attempt to move against me and the Ministry in this action is an act of high treason.
>
> Neither I nor the Ministry has any responsibility for any debt alleged to be owed by another.

(Id.).

Mr. Evans goes on to advance several arguments that parallel and are just as unpersuasive as those the Bowdens make, including demanding that this matter be "referred to a statutory Grand

10

Jury for Indictment," accusing "commercial administrative judge John S. Bryant" of acting as "JOHN S. BRYANT," claiming that Magistrate Judge Bryant was aiding in the "theft of property held in trust by me for Elyon Light Ministry having coal deposits valued approximately of [sic] two billion dollars," and asserting this is an "ALLEGED FEDERAL COURT" that acts as an agent for the IRS. (Id. at 1-2). Mr. Evans also declares that he, "Ralph-Kenneth," is "a man with a soul (not an animal)," that he is only accountable to his "Creator [and] Father in Heaven," that he is "an heir and Posterity of the creators of the earth and the Government of Texas and the several original United states of america," and that "capital letter persons" were "created by deceit by the State or themselves having no soul[.]" (Id. at 2). Mr. Evans does "not consent to being sued in any court of this STATE or the UNITED STATES" because they (and the "UNITED NATIONS") are Satanic states or corporations. Mr. Evans proceeds to make many other similar declarations and attaches to his filing what appears to be a copy of his birth certificate.

Giving far more deference than is due Mr. Evans's *pro se* status, the Government charitably takes this filing as an Answer to the Amended Complaint and, accordingly, filed its Motion for Summary Judgment. However, Mr. Evans did not file any response to the Government's Motion and, under the Federal Rules of Civil Procedure and this Court's Local Rules, the facts set forth in the Government's "Statement of Material Facts Not in Genuine Dispute" (Docket No. 67-2) are deemed undisputed. Fed. R. Civ. P. 56(e)(2); L.R. 56.01(g).[3]

In addition to the facts previously laid out supporting the Motion for Default, the record shows that H. Bradley Doolittle, allegedly acting as trustee for the Tenn-Texas Trust transferred all

---

[3] Mr. Evans cannot claim surprise at this result because, in its Motion, the Government specifically informed him that if he did not properly respond to the factual assertions, the fact would be accepted by the Court as true. (Docket No. 67).

11

of the interest in the property to "Ralph, Clan of evans under the laws of this land of Texas." (Docket No. 66-20 at 2). The purported conveyance was allegedly signed on November 6, 2000, was made "for the sum certain of twenty five dollars silver specie of the United States of America and other consideration," and was subject to "all restrictions of [the] Supreme Creator[.]" (Id.). That "Contract for Bill of Exchange in Fee Absolute" was filed in the Bledsoe Clerk's Office on February 2, 2011, after the Government had made its assessments against Mr. Bowden.

Based upon the undisputed material facts, the Government argues that it is entitled to summary judgment on its claims that Mr. Evans has no interest in the real property at issue. This Court agrees.

From the record, the only potential right that Mr. Evans has to the property is based upon the purported transfer by Mr. Doolittle to Mr. Evans. However, and even assuming that the "Contract for Bill of Exchange" met the requirements for a valid warranty or quitclaim deed, the evidence shows that Mr. Bowden was the true owner of the property and, hence, neither Mr. Doolittle or Mr. Evans had any interest to convey.

Moreover, the purported transfers smack of fraud. As noted, the land was first supposedly transferred for $10 and then was transferred for 25 pieces of silver. Even assuming 25 gargantuan pieces of silver changed hands,[4] Mr. Evans has wholly failed to show that he paid adequate consideration for property he claims to sit on two billion dollars worth of coal. See In re Estate of Ralsotn, 2013 WL 1804291, at *6 (Tenn. Ct. App. April 29, 2013) (citations omitted) ("circumstantial indicators of fraud are often called 'badges of fraud,' and have been described as

---

[4] According to the Government's calculations, if the property was exchanged for its actual value of $1 million, each of the pieces of silver would have to weigh more than 580 pounds because, at the time of the purported transfer, silver traded for an average price of $4.72 per Troy Ounce, and $1 million in silver would equate to 211,864 Troy Ounces.

12

'any facts that throw suspicion on the transaction and call for an explanation.'" including inadequate consideration); In re Estate of Reynolds, 2007 WL 2597623, at *15 (Tenn. Ct. App. Sept. 11, 2007) (badges of fraud "include inadequate consideration for the transfer, a family or friendship relationship between the transferor and the transferee, and a lack of explanation for the suspicious transaction").

"The presence of one or more of the badges of fraud gives rise to a presumption of fraud and consequently shifts the burden of disproving fraud to the defendant." Stoner v. Amburn, 2012 WL 4473306, at *9 (Tenn. Ct. App. Sept. 28, 2012); see also, Third Nat'l Bank v. Christiansen, 1995 WL 386553, at *3 (Tenn. Ct. App. June 30, 1995) ("If the circumstances surrounding the conveyance are suspicious, 'the failure of the parties to testify or to produce available explanation or rebutting evidence is a badge of fraud'") (citation omitted). None of the individual Defendants in this action have provided evidence which would suggest that the purported transfers were done for any reason other than to make the property unavailable for purposes of satisfying Mr. Bowden's tax liabilities. Accordingly, the Government's Motion for Summary Judgment will be granted.

## IV. **CONCLUSION**

On the basis of the foregoing, the Court will grant the Government's Motion for Default Judgment and Motion for Summary Judgment, and will provide the relief requested in those motions.

An appropriate Order will be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE